IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CORNELIUS KNOTT,** | * |
| Plaintiff, | * |
| v. | * Civil No. **PJM 20-2145** |
| **WEXFORD HEALTH SOURCES, INC.,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Asserting diversity jurisdiction, Cornelius Knott has brought this action against Wexford Health Sources, Inc. ("Wexford"), alleging claims of medical negligence (Count I) and deliberate indifference under the Maryland Declaration of Rights (Count II). Wexford moves to dismiss or stay the suit pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). For the reasons that follow, Wexford's Motion is **GRANTED WITHOUT PREJUDICE**.

### I.

In 2016, Knott was an inmate at the Maryland Correctional Training Center in Hagerstown, Maryland ("MCTC"), where he was medically treated by Wexford's staff. Knott was evaluated on June 6, 2016, after he developed numbness and pain in his left calf. After no abnormalities were found in his leg, Knott was diagnosed with a muscle sprain and discharged.

On June 20, 2016, Knott was evaluated again after complaining of pain and numbness in his left leg. During the visit, no pulse exam was recorded, nor was any medication prescribed. Knott was allegedly "treated and released." Compl. ¶ 12.

1

On June 29, 2016, Knott yet again returned with a complaint of cold feet. His medical record does not reflect that his pulse or temperature was taken in any of his extremities. The treating physician concluded that the symptoms were related to a medication Knott was taking, which was then discontinued.

On the morning of July 9, 2016, Knott experienced "severe pain" in his left leg. *Id.* ¶ 14. An examination found that Knott's left leg was significantly colder, with "thready distal pulses." *Id.* At that time, Knott was kept under observation. One hour later, he was noted with "bluish-brown cold skin in the lower left leg." *Id.* Knott was sent to a local medical center where an "arterial doppler study" revealed "thrombosis [blood clots] of the left superficial femoral, popliteal, and tibial arteries." *Id.* ¶ 15. Knott was later transferred to a Washington, D.C. hospital where it was determined that his left leg needed to be amputated. Knott was then transferred to Bon Secours Hospital in Baltimore, Maryland, where the surgery was performed.

<u>Knott's Four Duplicative Lawsuits</u>

The case at bar represents the fourth time Knott has brought suit against Wexford following the events described in the Complaint. An understanding of this drawn-out procedural history is necessary to consider Wexford's Motion to Dismiss or Stay.

***Case #1.*** On December 6, 2018, Knott sued Wexford in the Circuit Court for Baltimore City, alleging one claim of medical negligence. Thereafter, Wexford successfully moved to transfer the case from Baltimore City to Washington County, where Knott voluntarily dismissed the case.

***Case #2.*** On June 4, 2019, Knott commenced a second suit in the District of Maryland, which was assigned to Judge Hazel. *Knott v. Wexford Health Sources, Inc., et al.*, No. 8:19-cv-01647-GJH. Knott asserted the same counts alleged in the present action: medical negligence

(Count I) and deliberate indifference under the Maryland Declaration of Rights (Count II). Knott also included a federal deliberate indifference claim under 42 U.S.C. § 1983 and named Wexford employees as co-defendants.

On March 23, 2020, Judge Hazel granted a motion to dismiss filed by Wexford. Specifically, Judge Hazel dismissed Count II in its entirety—both reckless indifference claims—for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Knott v. Wexford Health Sources, Inc.*, No. GJH-19-1647, 2020 WL 1331928, at *4 (D. Md. Mar. 23, 2020). With no federal question or diversity jurisdiction, Judge Hazel dismissed the case. *Id.* at *5.

***Case #3.*** On April 16, 2020, following Judge Hazel's dismissal of Case #2, Knott filed a third suit in the Circuit Court for Washington County against only Wexford. Knott again asserted medical negligence (Count I) and reckless indifference under state law (Count II). Wexford filed a partial motion to dismiss, arguing that Count II was *res judicata* in light of Judge Hazel's dismissal of the same claim. Washington County agreed and granted the motion. Wexford has since answered the complaint in that action.

***Case #4.*** On July 22, 2020, just one day after Washington County dismissed Knott's reckless indifference claim in Case #3, Knott began the instant case asserting the *exact* same claims: medical negligence (Count I) and reckless indifference under state law (Count II). Wexford now asks the Court to abstain from exercising jurisdiction over the matter.

**II.**

Under the *Colorado River* doctrine, district courts may abstain from exercising jurisdiction where "wise judicial administration" favors deferring to parallel state proceedings. *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017) (quoting *Colorado River*, 424 U.S. at 818). "For a federal court to abstain under the *Colorado River* doctrine, two conditions must be

satisfied." *Gannett Co. v. Clark Constr. Grp.*, 286 F.3d 737, 741 (4th Cir. 2002). First, "there must be parallel proceedings in state and federal court." *Id.* Second, "exceptional circumstances" must exist. *Id.* Here, both conditions are easily satisfied.

The Court finds that the two actions—***Case #3*** and ***Case #4***—are parallel. They involve "substantially the same parties" litigating "substantially the same issues in different forums." *vonRosenberg*, 849 F.3d at 168 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). In fact, not only are the parties and issues "substantially same," they are *identical*. There simply is no question that this case is a mere copy of the action pending in Washington County.

The Court also finds that this is one of those rare instances where abstention is warranted. The exceptional circumstances are entirely of Knott's own making. He has unnecessarily enlarged proceedings against Wexford by filing no less than four duplicative suits across four different courts. When Knott was unable to obtain the forum he wanted (Baltimore City), he voluntarily dismissed the suit and refiled in federal court (District of Maryland). Then, when his federal action was dismissed, he brazenly re-asserted his dismissed claim (reckless indifference) in state court. When the state court deemed that claim precluded, Knott brought the present case, re-asserting the same claim previously dismissed by Judge Hazel *and* Washington County. The Court will not afford Knott a third bite at the apple. This is precisely the sort of procedural gamesmanship that warrants abstention. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983) (remarking that the "vexatious or reactive nature of either the federal or the state litigation . . . has considerable merit" when assessing abstention).

Courts also consider a number of additional factors, including:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the

federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 463–64 (4th Cir. 2005). Those factors confirm that abstention is necessary here. Washington County has already obtained jurisdiction and that suit has progressed well beyond this case. Abstention further avoids duplicative litigation on issues arising exclusively under Maryland law. Moreover, there is no reason to doubt that Washington County can adequately protect the parties' rights.[1]

### III.

An issue remains as to whether the case should be dismissed or stayed. While that question was at one time unresolved, it is now clear under *Quackenbush v. Allstate Insurance Company* that, in a suit seeking money damages, a federal court may invoke abstention principles only for the purposes of staying the action. 517 U.S. 706 (1996). It may not invoke abstention to dismiss it. The Court will therefore stay the action.

For the time being, the Court will order an indefinite stay of the proceeding. Further, given the uncertain length of the stay, the Clerk of Court will be directed to administratively close the case. At such time as either party may have a basis for reviving the present suit, consistent with this Opinion, either may do so by filing a motion with the Court, and the opposing party shall have an opportunity to respond.

---

[1] In an apparent admission of his desire to forum shop, Knott acknowledges that he prefers not to litigate in Washington County because he believes a jury would be biased against him. ECF No. 7-1 at 13. Such vague speculation does not suggest that the forum is incapable of protecting his rights.

5

## CONCLUSION

For the foregoing reasons, Wexford's Motion to Dismiss or Stay is **GRANTED WITHOUT PREJUDICE** and the matter is **STAYED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**March 3, 2021**